**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO: 3:14-CV-231-MOC-DSC**

| | |
|---|---|
| EARL WRIGHT, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
|        v. | ) |
| | ) |
| MS. JODY PERRY, et. al., | ) |
| | ) |
|        **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' "Motion[s] to Dismiss" (documents ##5 and 11) and the parties' briefs and exhibits. See documents ##5, 6, 11, 12, 13, 15, and 16.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter is nearly identical to an earlier action filed by the pro se Plaintiff and dismissed by the Honorable Robert J. Conrad, Jr. on May 5, 2014. See Wright v Bank of America, 3:14cv94-RJC-DSC, "Order" (document #9) (affirming Memorandum and Recommendation and Order, granting Motion to Dismiss).[1]

---

[1] Judge Conrad subsequently denied Plaintiff's Motion for Reconsideration. See 3:14cv94-RJC-DSC, Text-Only Order entered May 22, 2014. Judge Conrad "counseled [Plaintiff] against filing frivolous motions that waste judicial resources." For Plaintiff's history as a serial filer, see "Memorandum of Law in Support of Defendant Bank of America, N.A.'s Motion to Dismiss" at 7-8 (document #5-1).

1

Plaintiff filed this Complaint the next day. Plaintiff's claims arise out of a mortgage loan secured by real property located at 7511 Caribou Court in Charlotte, North Carolina ("the "Property"). Plaintiff executed two Deeds of Trust on the property to secure loans in the amount of $125,440 and $82,550 (the "First Deed of Trust" and the "Second Deed of Trust").

On November 27, 2007, the substitute trustee conducted a foreclosure sale of the Property under the First Deed of Trust. A Substitute Trustee's Deed was recorded on December 17, 2007 conveying the Property to the Secretary of Veterans Affairs. On January 7, 2008, the Final Report and Account of Foreclosure Sale was filed with the Mecklenburg County Clerk of Superior Court. The foreclosure documents refer only to the First Deed of Trust. For a more detailed statement of the facts, see 3:14cv94-RJC-DSC, "Memorandum and Recommendation and Order" (document #5).

Plaintiff now re-asserts the claims that were dismissed previously. He alleges that Defendant Bank of America violated the Fair Housing Act ("FHA") by selling the Second Deed of Trust to Defendant Select Portfolio in November 2012 following the foreclosure. Plaintiff further alleges that from 2008 through 2013, Defendants reported the status of the second loan to credit reporting agencies ("CRAs") in violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff also attempts to state a claim under N.C. Gen. Stat. § 45-93(3).

As the Court previously found, Defendant Bank of America did not "sell" the mortgage loan secured by the Second Deed of Trust to Defendant Select Portfolio. Bank of America merely transferred the servicing of the loan to Select Portfolio.

Defendants' Motions to Dismiss have been fully briefed and are ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume

their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Plaintiff's claims are barred by the doctrine of res judicata. This Court has already ruled on the issues presented in this second Complaint. The Fourth Circuit has explained that

> Under res judicata principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. The doctrine of res judicata encompasses two concepts: (1) claim preclusion and (2) issue preclusion, or collateral estoppel. The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.'. . . Claim preclusion requires only a valid and final judgment.

Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (internal quotations and alterations omitted) (quoting First Union Commercial Corp. v. Nelson, Mullins, Riley, & Scarborough (In re Varat Enters.), 81 F.3d 1310, 1315 (4th Cir. 1996)). In order for res judicata to apply, there must be "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." See Jones v. S.E.C., 115 F.3d 1173, 1178 (4th Cir. 1997) (quoting Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991)). For this reason, as well as the

4

reasons stated in the Court's previous "Memorandum and Recommendation and Order" 3:14cv94-RJC-DSC, (document #5), the Complaint should be dismissed with prejudice.

## III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion[s] to Dismiss" (documents ##5 and 11) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: June 30, 2014

David S. Cayer
United States Magistrate Judge